CENTRAL OIL & GAS STOVE CO. v. SILVER & CO. et al.

(Circuit Court of Appeals, Second Circuit. January 9, 1911.)

No. 7.

Patents (§ 328*)—Infringement—Oil Burners.

The Wilder patents, No. 653,893 and reissue No. 11,905 (original No. 595,231), both for improvements in oil burners of the wickless type, *held* not infringed.

Appeal from the Circuit Court of the United States for the Eastern District of New York.

Suit in equity by the Central Oil & Gas Stove Company against Silver & Co. and John H. Ernst. Decree for defendants (168 Fed. 712), and complainant appeals. Affirmed.

Frederic G. Bodell, Frank L. Middleton, W. F. Hall, and Arthur E. Parsons, for appellant.

Stephen J. Cox, for appellees.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Judge Chatfield's opinion sets forth very clearly and completely the devices of the two patents, their mode of operation, and that of defendants' device. It also presents the prior art with sufficient fullness. He reached the conclusion that, although both patents showed improvements in the art and appeared to be valid, the claims in issue cannot be given a construction broad enough to bring defendants' stove within their dominion. In this conclusion and in the reasoning by which it was reached we fully concur. It will be necessary merely to dispose of some specific criticisms which are here presented.

Appellant asserts that "the first serious error is the evident impression of the trial judge that the reissue patent relates to the flooding of the burner or oil bowl," and that "the method for effecting this action is not claimed in the reissue patent, but in patent 653,893 only." This "flooding" action *is* specifically claimed only in the first patent, but means for accomplishing such action exist in the reissue patent;

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and if, as seems probable, the supply of an extra quantity of oil to the burner at the moment of ignition is necessary for practical commercial success, the mechanism for securing it is found in the device of the reissue.

The next alleged error is "the statement that an interference proceeding with one Blackford resulted in substantial changes being made in the applications or claims." Appellant insists that there is nothing in the record to show that the claims of the patent in suit were in any way modified by reason of this interference, nor to show how the interference terminated. The interference apparently had to do with an oil burner, but it is not important to know how it terminated. The patent shows an oil burner, which it is contended is an improvement over those of the prior art, but the specification contains the following statement:

"While I have shown and described an oil holder having.a lower contracted part and an upper part enlarged or flaring, with an igniting medium seated in the contracted portion and extending between the walls of the enlarged part, I do not claim this combination of the holder and the igniting medium in this application; this being made the subject of a divisional application, serial No. 701,160. The present case is directed to a holder capable of being drained or emptied or to maintain a column of oil as a base of vaporization; said holder being used with a combustion chamber, or with means for controlling the supply of liquid to the holder."

It is not material whether or not the particular form of burner disclaimed was ever in interference.

It is further alleged that the judge erred in assuming that in defendants' stove, although the burners could be lighted with safety while the oil holder is filled, the resultant smoke and smell would greatly interfere with the success of the stove. But, if this be an error, we do not see that it at all interferes with the argument that defendant is using an old and common device—a valve—to regulate the flow of oil to the burner.

Finally, it is asserted that there is error in the statement that complainant "is making claims which are broader than the use of any particular device, when he attempts to patent as a combination the use of the wickless burner and any increased supply of oil, whether supplied by old device or not." The authority referred to, Expanded Metal Company v. Bradford, 214 U. S. 366, 29 Sup. Ct. 652, 53 L. Ed. 1034, involved a process patent. The patents here in controversy are for a combination constituting a device. The trial judge correctly characterized the claims.

The decree is affirmed, with costs of this appeal.